BERLIN LANDING REALTY TRUST vs. BAKSTRAN, MISC 20-000538

































 
 BERLIN LANDING REALTY TRUST, Plaintiff, v. FRANCES BAKSTRAN, RICHARD RAND, BRADFORD BLANCHETE, MARK RUTAN, PAUL TAGLIAFERRI, LESLIE HARRISON, and JEFFREY LELAND, in their capacities as members of the Zoning Board of Appeals of the TOWN OF NORTHBOROUGH, Massachusetts, Defendants
 MISC 20-000538 
 JUNE 9, 2021
WORCESTER, ss.
ROBERTS, J.
MEMORANDUM OF DECISION AND ORDER ALLOWING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT














 Introduction 





 Plaintiff Berlin Landing Realty Trust ("the Trust") commenced this G. L. c. 40A appeal with the filing of a complaint on December 3, 2020, in which it appealed from a November 19, 2020 decision ("the Decision") of the town of Northborough ("the Town") zoning board of appeals ("the ZBA") denying the Trust's request for relief from one dimensional requirement in its proposed development of a childcare facility on property owned by it at 5 Bearfoot Road, Northborough, Massachusetts ("the Property"). The Trust contends in its complaint and in Plaintiff Berlin Landing Realty Trust's Motion For Summary Judgment ("the Motion"), filed on March 26, 2021, that the imposition of a certain setback requirement, more fully described below, runs afoul of the Dover Amendment, G. L. c. 40A, § 3, par. 3, as applied to the Property, and that the ZBA's Decision must, therefore, be annulled. The ZBA filed its opposition to the Motion on April 28, 2021 and a hearing on the Motion was held on June 2, 2021. For the reasons set forth below, the Motion is ALLOWED. 





Background 





 The following facts established in the record and pertinent to the Motion and opposition thereto are undisputed or are deemed admitted. 





 1. The Trust is the owner of the Property. Defendants Response To Plaintiff's Statement Of Undisputed Material Facts In Support Of Motion For Summary Judgment ("SOMF") ¶ 3. 





 2. The defendants are Frances Bakstran, Richard Rand, Bradford Blanchette, Mark Rutan, Paul Tagliaferri, Leslie Harrison and Jeffrey Leland, in their capacities as members of the ZBA. See SOMF ¶ 2. 





 3. The Trust represents that it seeks to construct a daycare center on the Property with an associated parking lot ("the Proposed Daycare") that would be leased to a properly licensed operator. SOMF ¶ 4. 





 4. Per the Town's zoning bylaws ("the ZBL"), the Property is located in the Industrial Zone and is adjacent to the Residential C (RC) Zone, both as defined in the ZBL. SOMF ¶ 5; Appendix To Plaintiff's Motion For Summary Judgment ("App.") Ex. 6. 





 5. Table 2 (Table of Density and Dimensional Regulations) of the ZBL states that the minimum setback requirements in the Town's Industrial Zone are 40 feet for the front yard, 20 feet for the side yard, and 25 feet for the rear yard ("Industrial Zone Setback Requirements"). SOMF ¶ 6. 





 6. Section 7-06-03(C)(4)(b) of the ZBL ("100-Foot Setback Requirement") provides: 





 In the Industrial District, the minimum setback along the lot line adjacent to a residential district or business district shall be one hundred (100) feet from a residential district and fifty (50) feet from a business district. When the residential zoning district boundary is located in or at a street, the setback may be reduced by the width of the street which is in the residential zone. SOMF ¶ 7; App. Ex. 5. 





 7. On or about June 5, 2019, the Trust, by its counsel, sent a letter to the Town's building inspector, Robert Frederico ("the Building Inspector"), requesting confirmation that, pursuant to the Dover Amendment, G. L. c. 40A, § 3, the Proposed Daycare was exempt from the 100-Foot Setback Requirement. SOMF ¶ 8; App. Ex. 5. 





 8. Daycare facilities are permitted as of right in the Town's Residential District. SOMF ¶ 10. 





 9. The Proposed Daycare may be constructed in the location proposed in compliance with the Industrial Zone Setback Requirements. See SOMF ¶ 11. 





 10. The Proposed Daycare cannot be constructed in the location proposed if the 100- Foot Setback Requirement is applied to it. SOMF ¶ 12. 





 11. If the 100-Foot Setback Requirement is applied, the buildable area of the Property would be reduced to an approximately 50 square-foot area in the northeast corner of the Property due to the presence of wetlands on the Property. See SOMF ¶ 13. 





 12. On or about July 16, 2019, the Building Inspector issued a letter indicating that he could not issue a zoning opinion in response to the Trust's June 5, 2019 letter until he received a specific proposal for the construction of the Proposed Daycare. SOMF ¶ 16. 





 13. On or about July 29, 2019, the Trust, by its counsel, sent a letter to the Building Inspector enclosing, among other things, a proposed site plan for the Property. SOMF ¶ 17. 





 14. On or about December 20, 2019, the Building Inspector issued a decision ("the Building Inspector's Decision") stating that the 100-Foot Setback Requirement was a reasonable regulation because "it has been in the Northborough [ZBL] for at least 10 years ... and it was approved at Town Meeting by town residents," and, as a result, that he would deny a building permit for the Proposed Daycare. SOMF ¶ 18. 





 15. On or about January 21, 2020, the Trust timely filed an appeal of the Building Inspector's Decision to the ZBA. SOMF ¶ 20. 





 16. The ZBA held hearings on the Trust's appeal on July 1, 2020, July 28, 2020 and September 29, 2020. SOMF ¶ 21. 





 17. On or about September 29, 2020, the Town's legal counsel issued an opinion letter to the ZBA regarding the Trust's appeal, in which legal counsel stated that "a court could find that such enforcement [of the 100-Foot Setback Requirement] would not substantially advance the goal of separating industrial uses from residential uses and would prevent use of the subject property as a child care facility as to conflict with the [Dover Amendment]." SOMF ¶ 25.





 18. By Decision dated November 19, 2020, the ZBA voted to deny the Trust's appeal and to uphold the Building Inspector's Decision. SOMF ¶ 27. [Note 1] 





Analysis 





The Summary Judgment Standard 





 In assessing the Motion, the court must determine whether the "pleadings, depositions, answers to interrogatories, and responses to requests for admission ... together with the affidavits ... show that there is no genuine issue as to any material fact and that the [Trust] is entitled to a judgment as a matter of law." Mass. R. Civ. P. 56 (c). "The moving party bears the burden of proving that there are no material issues of fact and that he is entitled to judgment as a matter of law." Highlands Ins. Co. v. Aerovox Inc., 424 Mass. 226 , 232 (1997). In viewing the factual record presented as part of the motion, the court draws "all logically permissible inferences" from the facts in favor of the non-moving party. Willitts v. Roman Catholic Archbishop of Boston, 411 Mass. 202 , 203 (1991). "Summary judgment is appropriate when, 'viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law.'" Regis College v. Town of Weston, 462 Mass. 280 , 284 (2012), quoting Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117 , 120 (1991). 





The Dover Amendment Analysis 





 The parties agree that Rogers v. Town of Norfolk, 432 Mass. 374 (2000) is controlling on the issue of whether the 100-Foot Setback Requirement can be imposed on the Proposed Daycare without violating the Dover Amendment. In Rogers, the applicant was informed, first by the building commissioner and then by the zoning board of appeals, that she would not be granted a building permit for her childcare facility because the local zoning bylaw limited the footprint of such facilities to no more than 2,500 square feet and her proposed facility had a footprint of 3,169 square feet. The starting point of the analysis, there as here, is the Dover Amendment, G. L. c. 40A, § 3, third par., which states: 





 No zoning ordinance or bylaw in any city or town shall prohibit, or require a special permit for, the use of land or structures, or the expansion of existing structures, for the primary, accessory or incidental purpose of operating a child care facility; provided, however, that such land or structures may be subject to reasonable regulations concerning the bulk and height of structures and determining yard sizes, lot area, setbacks, open space, parking and building coverage requirements. 





The Rogers court first considered whether the footprint restriction was valid on its face, and concluded that it was: 





 [t]he proper test for determining whether the provision in issue contradicts the purpose of G. L. c. 40A, § 3, third par., is to ask whether the footprint restriction furthers a legitimate municipal interest, and its application rationally relates to that interest, or whether it acts impermissibly to restrict the establishment of child care facilities in the town, and so is unreasonable. The provision is facially valid under this test. 





432 Mass. at 379. 





 The Rogers court then turned to the issue of whether "the provision is unreasonably restrictive as applied to her property, keeping in mind that the pertinent language of § 3, third par., seeks to strike a balance between preventing local discrimination against child care facilities and respecting legitimate municipal concerns." 432 Mass. at 383, citing Trustees of Tufts College v. Medford, 415 Mass. 753 , 757 (1993). Quoting from the Tufts decision, 415 Mass. at 759-760, the Rogers court stated that: 





 [t]he question of the reasonableness of a local zoning requirement, as applied to a proposed [exempt] use, will depend on the particular facts of each case. Because local zoning laws are intended to be uniformly applied, an [applicant] will bear the burden of proving that the local requirements are unreasonable as applied to its proposed project. The [applicant] might do so by demonstrating that compliance would substantially diminish or detract from the usefulness of a proposed structure, or impair the character of the [applicant's property], without appreciably advancing the municipality's legitimate concerns. 





432 Mass. at 383. 





 On the facts before it, the Rogers court concluded that the footprint provision was unreasonable as applied to the applicant's property. It noted first that the applicant's property conformed to the style and character of other homes in the neighborhood, was spacious (58,791 square feet), set back from its adjacent neighbors (by 140 feet, 155 feet and 170 feet respectively), met all generally applicable zoning requirements and had other features that made it "ideal for child care use." 432 Mass. at 384. It then addressed the purpose of the footprint provision -- to preserve the residential appearance of the town's neighborhoods -- and found it to be legitimate. Id. However, the Rogers court determined that, "[w]hile compliance with the provision is technically possible," and that "Norfolk's interest in preserving the residential appearance of its neighborhoods is legitimate, . . . the use of the plaintiff's residence for a child care facility would not affect the aesthetic appearance of the neighborhood in a manner that the bylaw was intended to discourage." Id. In conclusion, the court stated that: 





 [w]hen the record satisfactorily demonstrates, as it does here, that the application of the footprint requirement to the plaintiff's property would significantly impede the use of the premises as a child care facility, while not substantially advancing a valid goal of Norfolk's zoning regulation, the provision is unreasonable as applied. 





Id. at 385. 





 Here, the Trust does not argue that the 100-Foot Setback Requirement is facially invalid, but does argue that it is unreasonable as applied to the Proposed Daycare. The 100-Foot Setback Requirement establishes a buffer between the Industrial Zone and residential zones in the Town. Presumably, the purpose of that buffer is to ameliorate the impact of uses allowed in the Industrial Zone on nearby residentially zoned properties where such uses are not allowed. See Defendants' Memorandum Of Law In Opposition To Plaintiff's Motion For Summary Judgment at 5 ("Here, Plaintiff fairly acknowledges that the purpose of the 100-Foot Setback Requirement is the separation of uses in the Industrial District from residential properties."). That purpose is not served by application of the 100-Foot Setback Requirement here, as the Proposed Daycare is permitted as of right in the adjacent residential district. As applied to the Proposed Daycare, not only does the 100-Foot Setback Requirement not advance the Town's legitimate municipal interests at all, it renders the project unbuildable. To say that it "would significantly impede the use of the premises as a child care facility, while not substantially advancing a valid goal of [the Town's] zoning regulation," Rogers, 432 Mass. at 385, is an understatement. 





Conclusion 





 For the foregoing reasons, the Motion is ALLOWED. Judgment shall enter annulling the Decision of the ZBA because it is based on legally untenable grounds, the 100-Foot Setback Requirement being unreasonable as applied to the Proposed Daycare. 





 SO ORDERED. 





FOOTNOTES
[Note 1] The court considers Defendants' Statement Of Additional Material Facts, SOMF ¶¶ 29-37, to be irrelevant to the issue before it (e.g., the effect and extent of wetlands at the Property, SOMF ¶¶ 29-32; the purchase price paid by the Trust to acquire the Property, SOMF ¶ 33; and prior efforts to develop the Property with one or more duplex dwellings, SOMF ¶ 34). 


 
 Home/Search 
 Land Cases by Docket Number
 Land Cases by Date 
 Land Cases by Name
 


 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.